IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 21 2012
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| SANGER INSURANCE COMPANY, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | NO. 4:12-CV-204-A |
| § | |
| HUB INTERNATIONAL TEXAS, INC., § | |
| ET AL., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
and
ORDER

Now before the court is the motion to remand filed by plaintiff, Sanger Insurance Agency, Inc., the response filed by defendant HUB International, Ltd., and plaintiff's reply. Having reviewed the parties' filings, the court concludes (1) that it has subject matter jurisdiction based on the diversity of citizenship between plaintiff and defendant HUB International, Ltd. ("HUB International"), the only properly joined defendant; (2) that the state of citizenship of defendants HUB International Texas, Inc. ("HUB Texas"), and Wm. Rigg Co. d/b/a HUB International Rigg, Inc. ("HUB Rigg"), should be disregarded because they have not been properly joined as defendants; (3) that the motion to remand should be denied; and (4) that the

claims against the improperly joined defendants should be dismissed.

## I.

### Background

On March 1, 2012, plaintiff filed this action in the 271st District Court of Tarrant County, Texas, against HUB International, HUB Texas, HUB Rigg, and American Veterinary Medical Association ("AVMA"). HUB International removed the action to this court by notice of removal filed on April 4, 2012. AVMA, HUB Texas, and HUB Rigg all consented to the notice of removal. On April 23, 2012, plaintiff filed a stipulation of dismissal without prejudice as to AVMA. The court dismissed AVMA from the action in an order and final judgment signed on April 27, 2012.

Plaintiff alleged in its state court petition that the HUB Defendants[1] possess a monopoly on liability insurance offered to large animal and equestrian veterinarians in Texas through four major insurance companies, and that none of these insurance companies will allow other agencies to market such insurance without permission from the HUB Defendants. Plaintiff additionally alleged that the HUB Defendants have entered into

---

[1] For convenience, HUB International, HUB Texas, and HUB Rigg are sometimes referred to as the "HUB Defendants."

2

agreements with those insurance companies to restrain trade and exercise monopoly to exclude others, including plaintiff, from the market, in violation of Texas law. Plaintiff asserted claims for interference with prospective business relations, and for violations of section 15.05 of the Texas Business and Commercial Code and sections 541.003 and 541.054 of the Texas Insurance Code. As relief, plaintiff sought unspecified actual damages, statutory treble damages, attorney fees, attorney's fees, and injunctive relief.

HUB International removed the case based on diversity jurisdiction. See 28 U.S.C. § 1332; § 1441(a). At first glance, there does not appear to be complete diversity of citizenship among the parties. Plaintiff, a Texas corporation with its principal place of business in Sanger, Texas, is a citizen of Texas. HUB International is a citizen of Delaware and Illinois and AVMA is a citizen of Illinois. The other two defendants, HUB Texas and HUB Rigg, are citizens of Texas. The notice of removal stated, however, that these two Texas corporations were improperly joined, and that, accordingly, their state of citizenship should be disregarded for purposes of determining subject matter jurisdiction. The notice of removal further asserted that the court has subject matter jurisdiction because of complete diversity of citizenship between plaintiff and the

remaining diverse defendants and an amount in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1332(a). On May 4, 2012, plaintiff filed a motion to remand this action to state court. HUB International filed a response, and plaintiff replied.

II.

Basic Principles

In order to prove that a non-diverse defendant was improperly joined, the removing party must show either that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts or that there is no possibility that the plaintiff would be able to recover against the non-diverse defendant in state court. See Smallwood v. Ill. Cent. R. R. Co., 385 F.3d 568, 573 (5th Cir. 2004).

The scope of the inquiry for improper joinder is broader than a simple Rule 12(b)(6) analysis "because the court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim." Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007). Where a plaintiff has stated a claim under a 12(b)(6) analysis, but has "misstated or omitted discrete facts that would determine the propriety of joinder," the court may "pierce the pleadings and conduct a summary inquiry . . . to

identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Smallwood, 385 F.3d at 573-74.

Having reviewed the parties' filings, the court concludes that HUB International has carried its burden of persuasion. HUB International has provided declarations that, if true, would establish that plaintiff has no possibility of recovery against HUB Texas or HUB Rigg. Greg Louvier ("Louvier"), President and Chief Operating Officer of the HUB Texas and HUB Rigg, states in his declaration that HUB Rigg and HUB Texas and their employees have not engaged in the business activities of selling or marketing insurance to large animal and equestrian veterinarians through any AVMA program. Resp. to Mot. to Remand, Ex. A, Greg Louvier Decl., 5/23/12. Specifically, Louvier states (referring to HUB Rigg and HUB Texas collectively as "HUB Texas"):

> 2. "HUB Texas does not sell or offer, and has never sold or offered, insurance products to large animal and equine veterinarians in connection with any program run, administered or offered by the American Veterinary Medical Association ("AVMA") or the American Veterinary Medical Association Professional Liability Insurance Trust ("AVMA PLIT").
>
> 3. "HUB Texas does not participate in or offer insurance products through the AVMA PLIT program. . . .
>
> 4. "HUB Texas does not have any contractual agreement or other relationship with the AVMA or the AVMA PLIT.

5

>    5. "HUB Texas does not have any contractual agreement with HUB Midwest as it relates to large animal and equine veterinarian insurance products.
>
>    6. "HUB Texas does not solicit or market large animal and equine veterinarian insurance products.
>
>    7. "HUB Texas has not entered into any agreement with any insurer, including, but not limited to Hartford, Zurich, CNA or Travelers, relating to insurance offered or sold to large animal or equine veterinarians.
>
>    8. "Products offered to large animal or equine veterinarians through the AVMA PLIT program are offered solely through HUB International Midwest Ltd. They are not offered through HUB Texas."

Id. Plaintiff has offered no controverting evidence that would convince the court plaintiff has even a theoretical possibility of recovering upon its claims against HUB Texas and HUB Rigg, for interference with prospective business relations or for violations of the Texas Business and Commercial Code or the Texas Insurance Code.

In short, HUB International has met its burden to show that plaintiff cannot recover upon any of its alleged causes of action against HUB Texas or HUB Rigg. Smallwood, 385 F.3d at 573. Consequently, the court is denying plaintiff's motion to remand and is dismissing the claims alleged against HUB Texas and HUB Rigg.

III.

<u>Order</u>

For the reasons given above,

The court ORDERS that plaintiff's motion to remand be, and is hereby, denied.

The court further ORDERS that all claims and causes of action asserted by plaintiff against HUB Texas and HUB Rigg be, and are hereby, dismissed with prejudice.

SIGNED June 21, 2012.

_____
JOHN McBRYDE
United States District Judge